IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv226

| | |
|---|---|
| MISTY L. PASCOE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, Commissioner )<br>of Social Security, )<br>)<br>Defendant. )<br>_____ ) | MEMORANDUM AND<br>RECOMMENDATION |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for social security disability benefits. This case came before the Court on the administrative record and the parties' Motions for Summary Judgment [# 13 & # 18]. The Court **RECOMMENDS** that the District Court **DENY** the Plaintiff's Motion for Summary Judgment [#13], **GRANT** the Commissioner's Motion for Summary Judgment [# 18] and **AFFIRM** the Commissioner's decision.

I.  Procedural History

Plaintiff filed an application for disability benefits and an application for

supplemental benefits on November 16, 2009. (Transcript of Administrative Record ("T.") 169-81.) Plaintiff alleged that she became disabled beginning July 15, 2009. (T. 170.) The Social Security Administration denied Plaintiff's claim, finding that she was not disabled. (T. 142.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 150, 154.) A disability hearing was then held before an Administrative Law Judge ("ALJ"). (T. 57-89.) The ALJ then issued a decision finding that Plaintiff was not disabled. (T. 15-25.) Subsequently, the Appeals Council denied Plaintiff's request for review of the decision. (T. 1-3.) Plaintiff then timely brought this action seeking review of the Commissioner's decision.

## II. Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1)

whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits her ability to perform basic work-related functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform her past relevant work; (5) whether the claimant is able to perform any other work considering her age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520. If at any stage of the inquiry, the Commissioner determines that the claimant is or is not disabled, the inquiry is halted. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

### III. The ALJ's Decision

In her February 18, 2011, decision the ALJ found that Plaintiff was not disabled under Sections 216(i) and 223(d) of the Social Security Act. (T. 25.) The ALJ made the following specific findings:

(1) The claimant meets the insured status requirements of the Social Security Act through December 31, 2014.

(2) The claimant has not engaged in substantial gainful activity since July 15, 2009, the alleged onset date (CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

(3) The claimant has the following severe impairment: fibromyalgia, chronic low back pain, carpal tunnel syndrome of the left wrist, hypertension and depression (20 CFR 404.1520(c) and

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

(5) After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can sit up to four (4) hours in an eight-hour day; stand and/or walk for up to thirty (30) minutes at a time; frequent but not constant use of the right upper extremity; with avoidance of heights, hazards, climbing ropes, ladders, and scaffolds; performing simple tasks where co-workers and public contact is casual and superficial, where supervision is direct and non-confrontational, and where changes in the workplace are infrequent and gradually introduced.

(6) The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

(7) The claimant was born on December 7, 1968 and was 40 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date. (20 CFR 404.1563 and 416.963).

(8) The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

(9) Transferability of job skills is not material to the determination of disability because applying the Medical-Vocational Rules directly supports a finding of "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

(10) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in

significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

(11) The claimant has not been under a disability, as defined in the Social Security Act, from July 15, 2009, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(T.15-25.)

## VI. Standard of Review

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the

Commissioner's decision that she is not disabled is supported by substantial evidence in the record, and whether the ALJ reached her decision based on the correct application of the law. Id.

V.      Analysis[1]

A.      **The ALJ did not Err in Weighing the Opinion Evidence of Plaintiff's Treating Physician**

Plaintiff contends that the Court should remand this case because the ALJ erred by failing to accord the proper weight to the opinion of Dr. Pamela Lowe-Hoyte, a psychiatrist who treated Plaintiff on four occasions between December 2008 and October 2010. (T. 422-23.) In addition, Plaintiff contends that the ALJ failed to evaluate the opinion of Cynthia Van Deusen.[2]

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

[2] The Court notes that counsel for Plaintiff has several social security appeals pending before the Court. In many of these cases, counsel has filed similar briefs that lack citations to legal authority and fail to clearly articulate the alleged errors committed by the ALJ. The Court warns counsel that going forward, the Court will strike any brief submitted by counsel in a social security case that does not separately set forth each alleged error and contain legal authority supporting each of the claimant's alleged errors. In addition, each alleged error must contain legal analysis explaining how such authority supports Plaintiff's position that the ALJ erred.

Finally, it appears to the Court that the same individual is drafting the legal briefs for counsel in this case and in the cases where attorney Lamar Gudger is that attorney of record for the plaintiff. The Court has repeatedly warned Mr. Gudger about his pleadings in social security cases and has even struck a number of his pleadings from the record. In fact, the Court recently sanctioned him for his failure to comply with Court Orders regarding the filing of appropriate briefs. Counsel in this case is advised that he will suffer the same fate going forward if he continues to submit briefs with little to no legal authority or legal analysis. This Court will not tolerate the continued disruption to the Court's docket that is caused by these frivolous filings. If these attorneys are not going to take their role as legal advocates for their clients seriously, then they should not practice in this Court.

In evaluating and weighing medical opinions, the ALJ considers: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d, 653 (4th Cir. 2005); see also 20 C.F.R. § 404.1527.  The ALJ, however, will give a treating source's opinion "controlling weight" where it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record . . . ." 20 C.F.R. § 404.1527(d)(2); Mastro, 270 F.3d at 178.  As the Fourth Circuit explained in Mastro:

> Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590. Under such circumstances, the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence. See Hunter, 993 F.2d at 35.

Mastro, 270 F.3d at 178.

Statements by medical sources that a patient is disabled, unable to work, or meets the listing requirements are not medical issues, but are administrative findings reserved for the Commissioner.  SSR 96-5p, 1996 WL 374183 (Jul. 2, 1996).  Because they are administrative findings, "treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight

or special significance." Id.

Dr. Lowe-Hoyte indicated that Plaintiff has no limitations understanding, remembering, and carrying out short, simple instructions; moderate limitations remembering, understanding, and carrying out detailed instructions; and moderate limitations to the ability to make judgments on simple, work related decisions (T. 424.) In addition, Dr. Lowe-Hoyte found that Plaintiff had moderate limitations interacting with the public, supervisors, and co-workers. (T. 425.) Finally, Dr. Lowe-Hoyte found that Plaintiff had marked limitations responding appropriately to work pressures in a usual work setting and to changes in a routine work setting. (Id.) The ALJ specifically considered the opinion of Dr. Lowe-Hoyte but rejected her opinion as to the marked limitations, finding that this determination was based on Plaintiff's self-report of constant exhaustion. (T. 19.) The ALJ found that there was no objective medical evidence in the record supporting the marked limitation and, therefore, rejected this portion of the medical opinion of Dr. Lowe-Hoyte. (Id.)

Upon a review of the record in this case, the Court finds that the ALJ's decision not to afford any weight to the opinion of Dr. Lowe-Hoyte as to the marked limitations responding appropriately to work pressures in a usual work

setting and to changes in a routine work setting is supported by substantial evidence in the record. As the ALJ noted, the assessment of Dr. Lowe-Hoyte was based on Plaintiff's subjective complaints, not objective medical complaints. (T. 422-25.) The medical records show that Plaintiff describes herself as "foggy, unable to concentrate and easily agitated" and reported being exhausted all the time and in pain (T. 422-23.) Dr. Lowe-Hoyte based her assessment on these same subjective statements of Plaintiff. (T. 424-25.) The ALJ then determined that the opinion of Dr. Lowe-Hoyte as to the marked limitations was not supported by the objective evidence in the record. Because the opinion was not supported by clinical evidence and was based solely on Plaintiff's subjective complaints, the ALJ was within her discretion to give Dr. Lowe-Hoyte's opinion less weight, despite the fact she was a treating physician. See Mastro, 270 F.3d at 178. Accordingly, the Court finds that the ALJ did not err in disregarding Dr. Lowe-Hoyte's opinion regarding the marked limitations.[3]

Plaintiff also contends that the ALJ erred by giving no weight to the opinion of Cynthia Van Deusen, a nurse practitioner. Plaintiff contends that "as indicated in SSR 96-5p the opinion from a medical source such as Ms. Van Deusen should be

---

[3] Plaintiff fails to articulate how the ALJ actually erred in her assessment of the medical evidence other than offer the conclusory argument that the ALJ failed to give controlling weight to the opinion of Dr. Lowe-Hoyte.

evaluated to determine the extent to which the opinion is supported by the record." (Pl.'s Memo in Supp. Mot. Summ. J. at p. 8.) A nurse practitioner, however, is not considered an acceptable medical source. See 20 C.F.R. § 404.1513(a). Rather, a nurse practitioner is a "other source" that *may* be used to evaluate the severity of a claimant's impairment and how such impairments impact the claimant's ability to work. 20 C.F.R. § 404.1513(d); SSR 06-03P, 2006 WL 2329939, at *2 (Aug. 9, 2006). In contrast to Plaintiff's contention to the contrary, SSR 96-5P, 1996 WL 374183 (Jul. 2, 1996), has no application to the opinion of Nurse Van Deusen.

Moreover, Plaintiff's contention that the ALJ failed to offer any explanation of why she did not give any weight to the opinion of Nurse Van Deusen is also without merit. In her decision, the ALJ explained that she was assigning no weight to the assessment of Nurse Van Deusen that Plaintiff can perform less than a full range of sedentary work because it was "unsupported by the objective medical evidence of the record, including treatment notes from the health center. No treating physician has corroborated her assessment." (T. 19.) In short, Plaintiff's contention that the ALJ erred by assigning no weight to opinion of Nurse Van Deusen is without merit.[4]

---

[4] This alleged error is another example of the deficient pleading of counsel in social security cases. The argument spans one paragraph, contains no relevant legal authority, misstates both the record and the law. Again, such pleadings will not be tolerated by the Court going forward.

### B. The ALJ's Credibility Assessment is Supported by Substantial Evidence in the Record

As an initial matter, the Court recognizes that it is not the role of this Court to determine whether Plaintiff's testimony was fully credible. Craig, 76 F.3d at 589. Rather, the question for the Court is whether the ALJ applied the proper legal standard in assessing Plaintiff's credibility and whether the ALJ's decision is supported by substantial evidence. Id.

In assessing a claimant's statement of pain and other symptoms, the ALJ applies a two part process. Id. at 594; Hines, 453 F.3d at 565. First, the ALJ must assess whether there is a medically determinable physical impairment that could reasonably be expected to produce claimant's symptoms. 20 C.F.R. §404.1529(c)(1); Craig, 76 F.3d at 595; Hines, 453 F.3d at 565. If the ALJ finds that a claimant suffers such an impairment and that it could reasonable be expected to produce the symptoms or pain of which claimant complains, the ALJ proceeds to step two. 20 C.F.R. § 404.1529(c)(1); Aytch v. Astrue, 686 F. Supp. 2d 590, 604 (E.D.N.C. 2010).

At the second step, the ALJ must evaluate the intensity and persistence of the pain, as well as the extent to which the claimant's symptoms and pain impact his or

her ability to work. 20 C.F.R. § 404.1529(c)(1); Craig, 76 F.3d at 595. "This evaluation requires the ALJ to determine the degree to which the claimant's statements regarding symptoms and their functional effects can be believed and accepted as true; thus the ALJ must consider conflicts between the claimant's statements and the rest of the evidence." Aytch, 686 F. Supp. 2d at 604. This evaluation takes into account all of the available evidence, including the claimant's medical history, the medical signs and laboratory findings, other objective medical evidence, and testimony or statements from claimant, physicians, or others regarding the pain and symptoms. 20 C.F.R. § 404.1529(c)(1) & (2); Craig, 76 F.3d at 595. In addition to the objective medical evidence, the ALJ considers: (1) the daily activities of claimant; (2) the location, duration, frequency, and intensity of the claimant's pain and symptoms; (3) factors that predicate or aggravate the claimant's pain and symptoms; (4) the type, dosage, effectiveness, and side effects of any medication claimant takes in order to alleviate the pain or symptoms; (5) any treatment other than medication that claimant received to alleviate the pain or symptoms; (6) any additional measure that claimant used to relieve the pain or symptoms; (7) any other factors concerning claimant's functional imitations and restrictions resulting from the pain or symptoms. 20 C.F.R. § 404.1529(c)(3); see also Aytch, 686 F. Supp. 2d at 605.

The ALJ's credibility determination must constitute more than a conclusory statement that the claimant's allegations are not credible. SSR 96-7p, 1996 WL 374186 (Jul. 2, 1996). The decision must contain specific reasons for the finding and must "be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." Id.

Here, the ALJ applied this two step process in assessing Plaintiff's statements regarding her symptoms. The ALJ first determined that Plaintiff's medically determinable impairments could reasonably be expected to produce the symptoms Plaintiff alleged. (T. 20-21.) The ALJ noted that Plaintiff's stated symptoms included chronic pain and anxiety. (T. 21.) The ALJ then found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (T. 21.) Although Plaintiff contends that the ALJ did nothing more than offer this lone sentence in support of her credibility determination (Pl.'s Memo in Supp. Mot. Summ. J. at p. 9), the ALJ provided specific reasons for why she found Plaintiff's testimony not fully credible.[5] (T. 21-

---

[5] The Court will assume that counsel's misrepresentation of the record in this matter was not intentional. The Court, however, reminds counsel of his obligations under Rule 11 of the Federal Rules of Civil Procedure.

23.) Although Plaintiff may disagree with the conclusion reached by the ALJ, to suggest that the decision is flawed because the lone sentence pointed to by Plaintiff is the whole of the ALJ's analysis as to Plaintiff's credibility is a patently frivolous argument that has no place in a legal pleading in this Court. Moreover, the Court finds that the ALJ's findings regarding Plaintiff's credibility were supported by substantial evidence in the record.

## VI. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 18], **DENY** the Plaintiff's Motion for Summary Judgment [# 13], and **AFFIRM** the Commissioner's decision.

Signed: July 22, 2012

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).